UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: | CASE NO. |
| **PAUL GREMILLION, SR.** | **15-13063** |
| | **SECTION A** |
| DEBTOR | CHAPTER 11 |
| | |
| **PAUL GREMILLION, SR.** | ADVERSARY NO. |
| PLAINTIFF | **15-1080** |
| VERSUS | |
| **HEALTHEDGE INVESTMENT FUND, L.P.,** | |
| **CONCENTRIC EQUITY PARTNERS II, L.P.** | |
| **HE-IOM AFFILIATES, LLC** | |
| DEFENDANTS | |

## REASONS FOR DECISION

On November 24, 2015, Paul Gremillion, Sr. ("Debtor") filed a Voluntary Petition For Relief Under Title 11, Chapter 11 of the United States Bankruptcy Code. On November 25, 2015, Debtor filed an Application For An Interim Order Authorizing Employment of John C. Anderson and the Anderson Firm, LLC, as counsel. HealthEdge Investment Fund, L.P., Concentric Equity Partners II, L.P. and He-Iom Affiliates, LLC (collectively, "HealthEdge"), a creditor of this estate filed an Objection.

To qualify, debtor's counsel must not hold an interest adverse to the estate[1] and must not engage in conduct involving dishonesty, fraud, deceit or misrepresentation.[2] HealthEdge has objected to the employment of John Anderson based on an alleged conflict of interest and dishonesty, fraud, deceit or misrepresentations contained in Debtor's Schedules and Statement of Financial Affairs.

On September 18, 2015, Debtor executed a collateral mortgage encumbering his home in favor of Jamie Graham.[3] Jamie Graham is employed as a paralegal with the Anderson Firm, LLC. Based upon the existence of this collateral mortgage, HealthEdge alleges that a conflict of interest exists between Debtor and the Anderson firm. At the hearing on this Application, Anderson explained that his firm prepared a collateral mortgage package for Debtor in an effort to obtain financing. No financing was secured so the collateral mortgage and note were never pledged. Anderson specifically represented that Debtor never gave him the collateral mortgage note in pledge and nothing was owed by Debtor to him or his firm. Further, his paralegal was merely a nominee for purposes of creating the security package. Following the bankruptcy filing, Anderson cancelled the inscription.[4] Thus, no conflict ever existed and HealthEdge's objection is not valid.

---

[1] 11 U.S.C. Section 327(a), read in conjunction with Fed. R. Bankr. P. 9001(11), provides that a debtor, with the court's approval, "may employ one or more attorneys . . . that do not hold or represent an interest adverse to the estate . . . ."

[2] Louisiana Rule of Professional Conduct 8.4(c) prohibits an attorney from engaging in "conduct involving dishonesty, fraud, deceit or misrepresentation." The Louisiana Rules of Professional Conduct are incorporated into the Local Rules of the United States Bankruptcy Court for the Eastern District of Louisiana. *See* Local Rule 9011-1C.

[3] Pleading 46-1.

[4] Pleading 63, exhibit A.

HealthEdge also claims that Anderson has acted in a dishonest, fraudulent, deceitful and/or misrepresentative manner in connection with Debtor's bankruptcy filing.[5] Specifically, Debtor's "Schedule A/B: Property"[6] and "Statement of Financial Affairs for Individuals Filing for Bankruptcy"[7] reflect that Debtor, when asked about his businesses, listed that he had an interest in RSC (TX Sleep Center) and P. Gremillion, LLC. In fact, Debtor has an interest in a third business, Paul Gremillion & Andrea F. Gremillion, LLC. Anderson formed this LLC for Debtor on September 4, 2015, a mere four (4) months prior to Debtor's filing.[8] However, the LLC never conducted operations, owned any assets or incurred any debt.

The failure to disclose assets is an omission the Court does not take lightly. It is the responsibility of every Debtor to fully disclose all assets, especially those that might lead to the discovery of additional values for the estate. It is not the obligation of the creditors, trustee or court to ferret out assets. For this reason, even the omission of an asset with no value is a serious concern.

Debtor's counsel is well known to this Court and has practiced as a specialist in bankruptcy for many years. It is beyond question that he is fully cognizant of Debtor's obligations to disclose. When counsel became aware of his mistake, he amended "Schedule A/B: Property"[9] and "Statement of Financial Affairs for Individuals Filing for Bankruptcy"[10] listing Paul Gremillion & Andrea F.

---

[5] Pleading 39, pp. 6-10.

[6] Pleading 30, p. 6.

[7] Pleading 30, p. 31.

[8] Counsel notarized the Articles of Organization for Paul Gremillion & Andrea F. Gremillion, LLC . *See* pleading 39-3.

[9] Pleading 50, p. 7.

[10] Pleading 50, p. 20.

Gremillion, LLC, as an entity in which Debtor holds an interest. Because the entity does not have assets, the creditors of the estate have not been actually harmed. However, because a creditor was required to demand correction, the Court will consider a reduction in any fee request filed by Mr. Anderson as a sanction for the miscarriage of his duty. The Court, however, does not believe the error so grave as to justify a denial of counsel's Application for employment.

Debtor's Application for Entry of an Interim Order Authorizing the Employment and Retention of John C. Anderson and the Anderson Firm, LLC as Counsel for Debtor (pleading 4) is **GRANTED**. Counsel shall submit an Order in accordance with the Court's ruling within three (3) business days.